## B. HAYNES, Liquidator, *v.* DAVID PIPES.

*A judicial sale to enforce a mortgage for the security of a stock loan by a bank, does not release the mortgage for the security of the subscription of stock.*

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. J. *McVea*, for plaintiff. *F. Hardesty* and *J. O. Fuqua*, for defendant and appellant.

BUCHANAN, J. The plaintiff seeks to enforce the stock mortgage of the Clinton and Port Hudson Railroad Company against a third possessor of the mortgaged property. The defendant plead, that he purchased the land mortgaged at a sale made by order of the United States District Court sitting in bankruptcy, and that the Commissioners of the Clinton and Port Hudson Railroad Company made themselves party to the proceedings in bankruptcy, and promised to give defendant a release, if he would buy the property for a certain sum, which he did.

It is needless to inquire how far the Commissioners were competent to make a verbal agreement to release a debtor of this insolvent corporation; or how far a sale in bankruptcy operated to extinguish this mortgage, for it appears from the evidence that this agreement related to a different debt due the company, and by a different debtor, from the debt which is the object of the present proceeding.

It is in proof, that after the sale made in the bankruptcy of *John M. Smith*, this property was again seized and sold, (in August, 1844,) to satisfy the stock loan, to *Charles M. Smith*, which had never been assumed by *John M. Smith*. Now, in the case of *Haynes* v. *Harbour*, we have just decided, (in conformity to the decision in *Meeker* v. *The Clinton and Port Hudson Railroad Company*, 2d An. 971,) that a judicial sale to enforce the mortgage for the security of stock loans, did not release the mortgage for the security of the subscription of stock. Besides, in the sale of 3d August, 1844, this property was adjudicated by the Sheriff to the defendant, subject to the mortgage which it is the object of the present proceeding to enforce.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

MERRICK, C. J., having been of counsel in these cases, took no part in this decision.